IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY WADE JACKSON                                                                                    PLAINTIFF

v.                                            Civil No. 4:22-cv-04023

WARDEN JEFFIE WALKER, Miller County
Detention Center (MCDC); CAPTAIN G.
ADAMS, MCDC; and LIEUTENANT ALICE
MILLER, MCDC                                                                                            DEFENDANTS

**ORDER**

Plaintiff, Timothy W. Jackson, submitted this *pro se* action for filing on March 1, 2022. The case is before the Court on Plaintiff's failure to respond to orders of the Court.

On October 17, 2022, Defendants filed a Motion for Summary Judgment. (ECF No. 21). That same day, an Order (ECF No. 24) was entered directing Plaintiff to file a response to the Motion for Summary Judgment by November 7, 2022. Plaintiff was advised that failure to respond to the Order would result in: (1) all the facts set forth by the Defendants in the summary judgment papers being deemed admitted by the Plaintiff; and/or (2) shall subject the case to dismissal without prejudice.

Plaintiff did not file a response to the Motion for Summary Judgment or request an extension of time to file his response. On November 22, 2022, a Show Cause Order (ECF No. 25) was entered. Plaintiff was given until December 13, 2022, to show cause why he failed to obey the Order of the Court. Plaintiff was advised that if he failed to respond to the Show Cause Order, the case would be subject to dismissal.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to . . . **to monitor the progress of the case, and to prosecute or defend the action diligently**. . . . **If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.** Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2)(emphasis added).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

To date, Plaintiff has not filed a response to the Motion for Summary Judgment or a response to the Show Cause Order. He has not requested an extension of time to file his responses. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 24, 25) and has failed to prosecute this action. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** this 5th day of January, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge